UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODERRICK JONES (#634384)                CIVIL ACTION

VERSUS                                   NO. 19-688-JWD-RLB

SANDY MCCAIN, ET AL.

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

    Signed in Baton Rouge, Louisiana, on October 19, 2022.

    RICHARD L. BOURGEOIS, JR.
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODERRICK JONES (#634384)                              CIVIL ACTION

VERSUS                                                 NO. 19-688-JWD-RLB

SANDY MCCAIN, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Roderrick Jones's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 6, 7. There is no need for oral argument or for an evidentiary hearing.

On September 27, 2019 the *pro se* petitioner, an inmate confined at Raymond Laborde Correctional Center, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2015 criminal guilty plea and sentence on two counts of armed robbery in the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana. The petitioner asserts that his trial counsel was ineffective for failing to seek a competency determination prior to his guilty plea.

### Procedural History

On March 6, 2015 the petitioner pled guilty to two counts of armed robbery and was sentenced to thirty five years imprisonment without the benefit of parole, probation, or suspension of sentence.[1] The petitioner did not seek a direct appeal.

On April 24, 2018 the petitioner filed an application for post-conviction relief ("PCR") *pro se* with the Twenty Third Judicial District Court.[2] Judge Jessie LeBlanc issued an order on

---

[1] R. Doc. 8-3, pp. 103 through 8-4, pp. 8.
[2] R. Doc. 8-4, pp. 18-22; 25-30.

May 10, 2018 denying the application as untimely pursuant to La. C.Cr.P. art. 930.8.[3] The petitioner submitted a brief on July 10, 2018 to the First Circuit Court of Appeal ("First Circuit"), seeking a supervisory writ.[4] Five days before the petitioner submitted his brief to the First Circuit, on July 5, 2018, Judge LeBlanc vacated her order denying the PCR, noting that it was erroneously entered by the wrong section of the Twenty Third Judicial District Court.[5] The petitioner's PCR was transferred to Judge Thomas Kliebert, who issued an order on July 26, 2018 also denying the application as untimely pursuant to La. C.Cr.P. art. 930.8.[6] The First Circuit denied the petitioner's writ application on October 15, 2018.[7] The Louisiana Supreme Court issued an order on August 12, 2019 also denying the writ application on the grounds that the petitioner's PCR was untimely pursuant to La. C.Cr.P. art. 930.8.[8]

As noted above, the petitioner filed the instant petition for habeas corpus relief on September 27, 2019.

## Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As

---

[3] R. Doc. 8-4, p. 23.
[4] R. Doc. 8-5, p. 2; 8-5, pp. 8-18.
[5] R. Doc. 8-5, p. 35.
[6] R. Doc. 8-5, p. 35.
[7] R. Doc. 8-5, p. 39.
[8] R. Doc. 8-5, pp. 86-87. It appears that the petitioner only sought review of the vacated order dismissing his PCR. Notwithstanding this fact, the Louisiana Supreme Court addressed the merits of the petitioner's writ application. Respondent does not argue that the post-conviction process ceased to be pending because the petitioner failed to appeal Judge Kliebert's July 26, 2018 order. *See Leonard v. Deville*, 960 F.3d 164, 169-172 (2020) (An application for post-conviction relief remains "in continuance" and "pending" if it never reaches an "untimely status"). The Court need not address whether the post-conviction process ceased to be pending because of this procedural anomaly because the petitioner's application is untimely when the entire time the appeal of the vacated order is considered tolled.

provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Here, the petitioner did not seek a direct appeal, so his conviction became final on April 6, 2015,[9] which is thirty days after he was sentenced. *See* La. C.Cr.P art. 914. **1,115** untolled days passed until the petitioner filed his application for post-conviction review with the Twenty Third Judicial District Court on April 24, 2018. Once the Louisiana Supreme Court issued its opinion on August 12, 2019 denying certiorari, an additional **47** untolled days passed until the petitioner filed the instant petition. As more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, the petitioner's application is untimely.

---

[9] The thirtieth day falls on April 5, 2015, which was a Sunday.

3

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling.  To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law.  *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).  The petitioner has made no such showing in this case.  Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case.  In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo, supra,* 544 U.S. at 418.  Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling.  *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204

4

F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

    The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. The petitioner in the instant matter has demonstrated no such diligence and alacrity. Approximately 1,115 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Petitioner waited an additional 47 days after the Louisiana Supreme Court denied his writ application before filing the instant petition. As such, the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, the petitioner's application should be denied as untimely.

### Certificate of Appealability

    Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a

5

habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on October 19, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**